CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 23 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PROTHERAPY ASSOCIATES, LLC, | CIVIL NO. 6:10cv00017 |
| *Plaintiff,* v. | MEMORANDUM OPINION |
| AFS OF BASTIAN, INC., *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff brought this action for damages and attorney fees, alleging default under a settlement agreement. Upon review of the complaint (docket no. 1), it is apparent that the Plaintiff has failed to allege sufficient facts to establish jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff will be ordered to show cause why this action should not be dismissed. For the reasons set forth below, Plaintiff will also be granted leave to amend its complaint, and the timely filing of an amended complaint that properly alleges jurisdiction will be deemed to comply with the order to show cause. In addition, Plaintiff's pending motion for leave to amend (docket no. 52) will be denied as moot.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a district court has a duty to inquire whether jurisdiction is proper, and to dismiss an action if it is not. *See* Fed. R. Civ. P. 12(h)(3). Jurisdiction is proper in civil cases "between citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Such cases require "complete diversity" among the parties, meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,*

198 F.3d 457, 461 (4th Cir. 1999). As the complaint alleges that Plaintiff's members are citizens of Florida and Missouri; and that "none of the partners of [Defendant] Cane Island Care Center, L.P. are citizens of Florida," the alleged facts are insufficient to support a finding of complete diversity. *See General Tech. App., Inc. v. Exro Ltda*, 388 F.3d 114, 120, 121 (4th Cir.2004); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (noting the "oft-repeated rule" that the citizenship of an unincorporated association is the citizenship of "all the members.").

A party may amend a pleading with leave of the court, which should be given "freely . . . when justice so requires." *Id.* This rule is intended to "give[] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 434 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)). In accordance with the federal policy favoring resolution on the merits, and because it is in the interest of justice to do so, Plaintiff will be granted leave to amend its complaint. As noted above, the timely filing of an amended complaint that properly establishes the jurisdictional requirements will be deemed responsive to the order to show cause.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTERED: This 23rd Day of March, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE