CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUL 21 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PROTHERAPY ASSOCIATES, LLC, | CASE NO. 6:10CV00017 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| AFS OF BASTIAN, INC., et al., | |
| Defendants. | By: B. WAUGH CRIGLER<br>U.S. MAGISTRATE JUDGE |

This action is before the undersigned in accordance with an Order entered on July 12, 2011, under authority of 28 U.S.C. § 636(b)(3), directing the undersigned to resolve the plaintiff's June 8, 2011 motion for attorneys' fees and costs. For the following reasons, an Order will enter GRANTING plaintiffs' motion for attorneys' fees and costs in the amount of $106,813.44.

**BACKGROUND**

In May 2008, plaintiff entered into service agreements with the following defendants: (1) AFS of Bastian, Inc. d/b/a Bland County Nursing and Rehab Center; (2) AFS of Fincastle, Inc. d/b/a Brian Center Nursing Care of Fincastle; (3) AFS of Low Moor, Inc. d/b/a Brian Center Nursing Center of Alleghany; (4) Cane Island Care Center, L.P.; (5) Amity Fellowserve of Hondo, Inc. d/b/a Hondo Healthcare and Rehabilitation; (6) AFS of Lebanon, Inc. d/b/a Maple Grove Rehabilitation and Health Care Center; and (7) AFS of Yuma, Inc. d/b/a Palm View Rehabilitation and Care Center; (8) Amity Fellowserve of Katy, Inc. d/b/a Katyville Healthcare Center; and (9) AFS of Hot Springs, Inc. d/b/a The Springs Nursing Center (collectively the "Facilities"). Defendant Amity Fellowserve, Inc. d/b/a Kissito Healthcare (together with the

Facilities, collectively referred to as "defendants") operates the Facilities and negotiated the contracts at issue.

Defendants requested a rate reduction in August 2009, and the Facilities and plaintiff entered into nine separate Therapy Services Agreements which contained essentially identical terms. The exact terms of the nine agreements varied slightly; however, each agreement contained an arbitration provision. The Therapy Services Agreements also contained identical non-solicitation provisions that prohibited the Facilities from directly or indirectly soliciting plaintiff's employees or from directly or indirectly employing or contracting with the employees to continue providing services at the Facilities.

Shortly after entering into the Therapy Services Agreements, the Facilities terminated their relationship with plaintiff and engaged Reliant Pro Rehab, L.L.C. to provide therapy services for them. Then, acting through third-party Reliant, the Facilities proceeded to indirectly hire some fifty-seven of plaintiff's former employees. The parties agreed that the Facility defendants would pay the plaintiff $10,000 in liquidated damages for each of the breaches of the non-solicitation provisions. The parties entered into a Settlement Agreement on November 6, 2009 ("Settlement Agreement") in an effort to resolve all amounts due for services rendered by plaintiff and for violations of the non-solicitation provisions.

Upon the alleged default of its terms, plaintiff filed a three-count Complaint in this court on April 1, 2010, seeking judgment against the defendants, jointly and severally, for liquidated and compensatory damages under the Settlement Agreement. Count I sought compensatory damages for the alleged breach of the Settlement Agreement; Count II sought liquidated damages for violation of the non-solicitation provisions of the underlying Therapy Services

2

Agreements; and Count III sought the award of attorneys' fees and costs as provided in the Settlement Agreement.

On April 29, 2010, the defendants filed a motion to compel arbitration on all matters covered by the Settlement Agreement and to stay further proceedings in this case pending the outcome of arbitration. (Dkt. No. 31.) Plaintiff responded to the motion (Dkt. 38), and on June 30, 2010, argument was presented to the court (Dkt. No 40). On July 10, 2010, and in accordance with a Memorandum Opinion of even date, the presiding District Judge granted the motion to compel arbitration only as to Count I and ordered the parties to submit the compensatory damages claim to arbitration. (Dkt. Nos. 41, 42.) The court did not stay proceedings on the remaining Counts II and III. To say the least, these have been hotly litigated down to the instant claim for the award of attorneys' fees and costs.

After conducting significant discovery, some of which was contested before then Magistrate Judge Michael F. Urbanski,[1] the parties filed cross motions for summary judgment solely on Count II, the claim for liquidated damages arising out of the non-solicitation provisions of the parties' Therapy Services Agreements. Prior to filing the cross motions for summary judgment, the question of the court's subject matter jurisdiction was raised. On March 23, 2011, the court entered an Order, in accordance with a Memorandum Opinion of even date, directing plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. (Dkt. Nos. 67, 68.) Plaintiff had moved to amend the Complaint, and it duly responded to the court's Order with an Amended Complaint proffering the facts establishing complete diversity, and thus, subject matter jurisdiction. (Dkt. Nos. 52, 70.)[2] Thereafter, issues

---

[1] Judge Urbanski since has been elevated to United States District Judge.
[2] The Amended Complaint was filed on March 23, 2011. (Dkt. No. 70.) Defendants' Answer essentially admits facts that establish complete diversity, thus demonstrating subject matter jurisdiction. (Dkt. No. 81.)

3

relating to liquidated damages which had been left open by the presiding District Judge's previous opinion were briefed, and a further summary judgment hearing was held on April 21, 2011 before the presiding District Judge. (Dkt. No. 88.) By Order entered on May 3, 2011, and in accordance with a Memorandum Opinion of even date, the court granted plaintiff's motion and denied defendants' motion and granted summary judgment relating to liquidated damages against the same nine (9) defendants, relieving only defendant Amity Fellowserve, Inc. from liquidated damages. (Dkt. Nos. 94, 95.) It is noteworthy for the instant proceedings that the presiding District Judge had observed that the nine (9) defendants against whom summary judgment and liquidated damages were awarded had failed to offer any evidence challenging plaintiff's *prima facie* evidence, and the court essentially rejected every defense they asserted to plaintiff's claim. The court withheld entry of judgment pending further briefing on the questions of joint and several liability and the allocation of damages.

On May 6, 2011, plaintiff filed a proposed allocation of liquidated damages. (Dkt. No. 96.) When the defendants did not object, the court entered an Order on May 25, 2011 allocating damages severally, but not jointly, among the defendants as set forth in plaintiff's proposed allocation. (Dkt. No. 98.) Thereupon, plaintiff filed the instant motion for the award of attorneys' fees and costs with supporting documentation. (Dkt. No. 99.) Defendants responded with their objections and plaintiff replied. (Dkt. Nos. 101, 102.) The parties have submitted the matter on the briefs. (Dkt. No. 104.) On July 12, 2011, the motion for attorneys' fees and costs was referred to the undersigned for resolution as a non-dispositive motion. (Dkt. 107.)

In the meantime, plaintiff moved to confirm and enter judgment on the arbitration award. (Dkt. No. 100.) According to those pleadings, not only did plaintiff prevail in arbitration against all defendants, but the arbitrator found that they were joint and severally liable. However,

plaintiff has asserted that none of them have satisfied the award, as a consequence for which plaintiff seeks entry of judgment. Not surprisingly, defendants have filed their opposition and have moved the court to modify the arbitrator's award claiming a conflict between the court's conclusions relating to defendant Amity Fellowserve, Inc., as well as to joint and several liability. (Dkt. Nos. 105, 106.)

## THE PENDING MOTION AND OPPOSITION

In its motion filed pursuant to Rule 54 of this court's Local Rules, plaintiff is seeking $106,813.44[3] in attorneys' fees and costs. Plaintiff contends that it is entitled to relief because it prevailed on all of its claims in the underlying litigation. Plaintiff notes that it is not seeking compensation for fees and costs related to the arbitration. In support of the reasonableness of its fees and costs, plaintiff notes that a significant amount of time was spent resolving various discovery disputes on motions to compel that were granted in plaintiff's favor. Moreover, as a result of the discovery disputes, plaintiff was forced to engage in extensive and costly third party discovery. Finally, plaintiff notes that the case was resolved on its prosecution of and defense against summary judgment, suggesting that defendants' stance on those matters substantially increased the time plaintiff's counsel was required to expend.

Defendants oppose plaintiff's motion for attorneys' fees and costs. (Dkt. No. 101.) In their preamble, defendants seek to strike plaintiff's motion on the ground that the court's Order granting summary judgment removed the case from the active docket. They offer, without explanation, that plaintiff, somehow is barred from raising the issue of attorneys' fees and costs as their Settlement Agreement provided. They first seek denial of the motion on the ground that plaintiff did not prevail in this litigation as is required by the terms of the Settlement Agreement.

---

[3] Plaintiff originally requested $108,176.94 in fees in costs. (Dkt. No. 99.) This amount was amended in the plaintiff's June 29, 2011 Reply. (Dkt. No. 102.)

5

Alternatively, they contend that the amount sought is unreasonable for several specific reasons. First, the defendants contend that half of the case was sent to arbitration, and as such, plaintiff should not be allowed to recover fees attributable to the drafting, filing and prosecuting of its original Complaint. As a corollary, they assert that a portion of the fees sought here are attributable to the claims which were arbitrated. Specifically, they challenge whether plaintiff should be allowed to recover the fees expended in opposing their motion to compel arbitration which resulted in enforcement of the parties' arbitration agreement.

Defendants further contend that plaintiff did not recover against all defendants. Specifically, defendants assert that plaintiff did not prevail on any claim against defendant Amity Fellowserve, Inc., and as such, plaintiff is not entitled to any fees spent serving and prosecuting claims against that defendant or propounding discovery relating to that defendant.

Next, defendants argue that the lodestar factors do not support plaintiff's claim for attorneys' fees in an amount greater than $100,000. They argue that the fees sought are unreasonable for the following reasons: (1) plaintiff's gamesmanship unnecessarily increased litigation costs, (2) plaintiff has billed for duplicative work, and (3) plaintiff has billed for clerical or administrative tasks. Finally, defendants argue that the Therapy Services Agreements reflect that fees and expenses should be borne by the party incurring these expenses.

**APPLICABLE PRINCIPLES AND LAW**

There is no question that the November 6, 2009 Settlement Agreement contemplated litigation in the Western District of Virginia, in which event, "The prevailing party shall be entitled to its attorneys' fees and costs." (Complaint, Exhibit A, ¶ 3.) A resolution of whether plaintiff is the prevailing party here does not rest on discerning the authoritative decisional

subtleties of the term "prevailing," but, instead, rests on a pure factual determination under the circumstances presented on the record of this case.

Before turning to whether plaintiff prevailed and the assessment of fees should it be determined the plaintiff did prevail, the undersigned will address defendants' request to strike the motion for fees and costs on the basis that the court's Order entered on May 25, 2011, and the Clerk's notation of even date that "Civil Case Ended" (Dkt No. 98) somehow bars plaintiff from seeking an award of fees and costs. As noted previously, defendants offer no authoritative support for their laconic suggestion that plaintiff cannot here seek such relief. There is none, and undersigned does not believe a good faith basis exists for suggesting it does.

Plaintiff filed its motion for fees and costs within the period allowed by Local Rule 54, namely within 14 days of the entry of the order triggering a claim for entitlement to fees and costs. The court's May 25, 2011 Order, itself, does not direct dismissal of the case from the docket, nor does it signal the entry of final judgment. On its face, it merely was the last in a series of orders entered by the presiding District Judge ruling on the cross motions for summary judgment relating to the non-solicitation agreement, which by definition simply awards judgment in favor of or against a party on the claim under consideration. The mere notion by a member of the Clerk's staff stating "Civil Case Ended" cannot substitute for the entry of final judgment in the case as a whole particularly where, as here, Count III of the Complaint (seeking attorneys' fees and costs) had been left to be adjudicated, and entry of any judgment on the matter referred to arbitration remained outstanding. Both are now before the court, and it is noteworthy that defendants do not claim that the court lacks jurisdiction to address their motion to modify the arbitrator's award. (Dkt. No. 109.) The undersigned finds defendants' assertion that the notation

on the docket by the Clerk precludes consideration of the instant motion for fees and costs to be frivolous.

The parties agree that the lodestar method for calculating an award of attorney' fees and costs is applicable here. The lodestar analysis involves multiplying a reasonably hourly rate by the number of reasonable hours expended. *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009). Reasonableness is key in the analysis and the twelve *Johnson* factors[4] guide the Court in determining what are "reasonable" hours and rates. The twelve *Johnson* factors are: (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases. *Kindred v. McLeod,* No. 3:08CV00019, 2010 WL 4814360, *11 (W.D.Va. November 19, 2010) (citing *Brodziak v. Runyon,* 145 F.3d 194, 196 (4th Cir.1998)).

## DISCUSSION, FINDINGS AND CONCLUSIONS

It never ceases to amaze the undersigned when parties oppose an award of contractual or statutory fees and costs on virtually every detail and at every level after they have chosen a course of litigation which challenges the claims against them in every detail and at every level

---

[4] The *Johnson* factors were adopted by the Fourth Circuit from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Kindred v. McLeod,* No. 3:08CV00019, 2010 WL 4814360, *11 (W.D.Va. November 19, 2010)

8

but loose those challenges. Such litigants have elected to live by the sword at the liability stages of the case, but somehow think it is appropriate to once more live by the sword in challenging their opponent's entitlement to contractual compensation once they have prevailed.

The undersigned makes this observation because it is disingenuous, at best, to suggest that, according to any reasonable reading of the District Judge's opinions on summary judgment as to Count II, the plaintiff has been anything but the prevailing party against every defense asserted in opposition to that claim and against every defendant, save one. Whether one wishes to use the qualifier "substantial," "significant" or any other equivalent term, plaintiff's victory was about as complete as it could get. The arbitrator's award in favor of plaintiff against all defendants, jointly and severally, only punctuates the point.

More than that, plaintiff's victory came after it was faced with every substantive and procedural obstacle which could have been thrown in a path toward judgment, including a late challenge to the sufficiency of its pleading subject matter jurisdiction. However, in the end, and despite the need to take, and even litigate over discovery, the defendant, according to the court's summary judgment opinions, offered no facts countervailing plaintiff's *prima facie* case, at least against the nine defendants held liable.

The fact that the court granted defendants' motion to compel arbitration does not alter the undersigned's view. Nowhere has there been, nor could there be, an allegation that plaintiff lacked a good faith basis to oppose arbitration in light of the Settlement Agreement. In fact, plaintiff was required to go to great lengths to defend the enforceability of the settlement apart from any notion that it may not have covered the arbitrability of the claim set forth in Count I of the Complaint. All this required the court to sort out whether the settlement enforceably altered the parties' relationship, and whether that alteration covered both the claim for compensation and

the claim for liquidated damages. Even now, plaintiff has been put in the position of needing to file a motion to confirm the arbitration award which was entirely favorable to it against all ten defendants, both jointly and severally, and to ask the court to enter judgment on that award in this case. That, too, faces opposition by defendants.

It is beyond peradventure that plaintiff is the prevailing party. With that said, the undersigned will turn to the lodestar assessment of the claimed fees and costs.

REASONABLE HOURLY RATE:

Plaintiff is seeking compensation for the work performed by Benjamin Fultz, Phillip Marin, Everett Nelson, Daniel Meador, and Marc Peritz. Mr. Fultz is seeking compensation in the amount of $345 per hour, and Mr. Martin is seeking compensation in the amount of $270 per hour. Mr. Meador and Mr. Peritz are seeking compensation in the amount of $225 per hour for work they performed. Mr. Nelson is seeking compensation in the amount of $180 per hour for work performed in 2010 and $195 per hour for work performed in 2011.

Defendants do not challenge the reasonableness of the rates charged, only the reasonableness of the number of hours expended.

REASONABLE NUMBER OF HOURS:

a. Defendants assert that plaintiff's billing records reveal that at least $1,200 was expended in work attributable to arbitral claims, and that some $10,500.00 in fees were incurred in connection with plaintiff's opposition to arbitration. Plaintiff replies first by informing the court that all fees and costs related to arbitration have been separated from the claims here. Plaintiff further points out that only one of the three claims it brought was referred to arbitration, and that the $1,200.00 (2.3 hours of service) was incurred researching whether Florida or Virginia law would apply to the parties' Settlement Agreement and not related to arbitration. As

to its opposition to defendants' motion to compel arbitration, plaintiff offers that it has reduced by one-half its bills related to its opposition to arbitration and reminds the court that it prevailed in its opposition as to two counts of the Complaint.

The undersigned is of the view that plaintiff has fully accounted for any fees attributable to arbitration and has charged for time spent only on those matters related to arbitration on which it prevailed, thus leaving for adjudication in this court two out of the three claims asserted in the Complaint. Defendants' objection on these grounds hereby is OVERRULED.

b. Defendant next challenges the reasonableness of the time spent related to joining Amity Fellowserve, Inc. and to the discovery sought from this party against whom plaintiff's claims failed on summary judgment. Moreover, they claim that the $2,200.00 in fees expended related to the question of joint and several liability of this defendant were unreasonable. Plaintiff concedes that the fees should be reduced for time spent on the issue of joint and several liability, but offers that the amount is $1,165.50 and not the $2,200.00 asserted by defendants.[5] Plaintiff also offers that once arbitration was ordered, Amity Fellowserve, Inc. still retained information relevant and discoverable in the case, and but for the defendants' "stonewalling," none of the expenditures would have been necessary. It offers that it did nothing improper in pursuing discovery against this entity.

Defendants' objections to this portion of the claim also will be OVERRULED. First, there was more than a good faith basis to believe Amity Fellowship, Inc. was liable to plaintiff and that plaintiff could pursue this defendant under the Settlement Agreement. Moreover, there is no question that this entity possessed discoverable information, whether a party or non-party.

---

[5] Plaintiff also concedes that the amount originally sought should be reduced by $198.00 for paralegal fees. (Plaintiff's June 29, 2011 Reply, p. 7 n.5.)

11

The record shows it likely that, had defendants not waited until the hearings on the pertinent motions to compel, plaintiff's fees generated in discovery would not have been incurred.[6]

c. Defendants assert that plaintiff's attorneys' fees are unreasonable because counsel engaged in "gamesmanship" and that plaintiff billed for duplicative work or for work which was clerical or administrative. (Defs' June 22, 2011 Response, pp. 4-7.) Frankly, on the record before the court, the undersigned gets the sense that defendants were engaged in a bit of "rope-a-dope," but unfortunately were not able to "fly like a butterfly and sting like a bee." An absence of facts left them vulnerable both here and before the arbitrator. One wonders who is calling whom the "gamesman." The balance of defendants' objections equally lack merit and hereby are OVERRULED.

## SUMMARY

For these reasons, an Order will enter GRANTING plaintiff's motion for the award of attorneys' fees and costs in the amount of $106,813.44 ($108,176.94 claimed reduced by the $1,165.50 and $198.00 conceded by plaintiff as not recoverable). Apportionment of this award among the defendants will be left to the presiding District Judge, as that question is again before him, in part if not in whole, by the respective parties' motions to enter judgment on or to modify the arbitration award.

The Clerk of the Court is directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Date: July 21, 2011

---

[6] Nor was it unreasonable for plaintiff's counsel to review orders, etc. with plaintiff's representatives. To the extent the defendants object to these entries, the objections are OVERRULED.