CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 27 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

|  |  |
|---|---|
| PROTHERAPY ASSOCIATES, LLC, | CIVIL NO. 6:10cv00017 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| AFS OF BASTIAN, INC., *et al.,* | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the court upon consideration of Plaintiff's motion seeking confirmation of an arbitration award, and Defendants' motion to modify such award. (docket nos. 100 and 106). No hearing has been requested, and the motions are ripe for decision. Plaintiff asserts that Defendants have refused to make payments in accordance with the arbitrator's decision. Defendants claim that the arbitrator erred in holding Amity Fellowserve, Inc. d/b/a Kissito Healthcare ("Kissito") jointly and severally liable for the award. As I find that the arbitrator's decision is consistent with the settlement agreement in this case, I will grant the Plaintiff's motion, deny the Defendants' motion, and confirm the arbitrator's award.

## I.

ProTherapy Associates, LLC ("ProTherapy") was a provider of physical and occupational therapy and speech/language pathology services to "skilled nursing facilities," or nursing homes. The Defendants are seven such facilities ("Facilities"),[1] plus Kissito, which

---

[1] Although there are ten defendants named in the amended complaint, the arbitration proceeded against the eight defendants named in the original complaint: AFS of Bastian, Inc. d/b/a Bland County Nursing and Rehab Center, AFS of Fincastle, Inc. d/b/a Brian Center Nursing Care of Fincastle, AFS of Low Moor, Inc. d/b/a Brian Center Nursing Center of Alleghany, Cane Island Care Center, L.P., Amity Fellowserve of Hondo, Inc. d/b/a Hondo

1

negotiated certain Therapy Services Agreements ("Agreements") between ProTherapy and the Facilities. The Facilities terminated the Therapy Services Agreements in late 2009, and began hiring ProTherapy employees in violation of a restrictive covenant within the Agreements. *See ProTherapy Assocs., LLC v. AFS of Bastian, Inc.*, --- F. Supp. 2d ---, 2011 WL 1707190 (W.D. Va. 2011). ProTherapy also claimed that Defendants failed to pay for services rendered.

The parties entered into e-mail negotiations to resolve their disputes. The result was a settlement agreement, evidenced by a pair of e-mails dated November 6, 2009 (the "Settlement"). *See ProTherapy Assocs. v. AFS of Bastian, Inc.*, No. 6:10-cv-17, 2010 WL 2696638, at *2 (W.D. Va. July 7, 2010). I determined that the Settlement required the payment dispute to be arbitrated, but that this court had jurisdiction over the restrictive covenant claim. *Id.* I later determined that the Facilities were liable for breaching the restrictive covenant, but that ProTherapy had not shown good reason to pierce the corporate veil and hold Kissito liable for the breach. 2011 WL 1707190, at *2-3; *see State ex rel. Cont'l Distilling Sales Co. v. Vocelle*, 27 So.2d 728, 729 (Fla. 1946); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1320 (11th Cir.1998). In contrast, the arbitrator determined that Kissito should be jointly and severally liable for damages arising out of the payment dispute.

Judicial review of arbitration decisions is "among the narrowest known to law." *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir.2000) (quoting *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 91 (1978)). Because "[r]eview of an arbitrator's award is severely circumscribed," a court should not disturb an arbitrator's award except "upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of the law." *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th

---

Healthcare and Rehabilitation, AFS of Lebanon, Inc. d/b/a Maple Grove Rehabilitation and Health Care Center, AFS of Yuma, Inc. d/b/a Palm View Rehabilitation and Care Center, and Amity Fellowserve, Inc. d/b/a Kissito Healthcare. As used herein, the term "Defendants" refers to the eight defendants named in the original complaint.

Cir.1998) (citations omitted). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-11, allows a court to confirm, vacate, or modify arbitration awards. "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall Street Assocs., v. Mattel, Inc.,* 552 U.S. 576 (2008).

Here, Defendants seek modification of the arbitrator's award pursuant to § 11 of the FAA, which applies to the following cases:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c). In such cases, the court "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." *Id.* Defendants' claim does not appear to fit within any of the statutory categories.

Nor does it appear that the arbitrator acted with "manifest disregard of the law." *Apex Plumbing*, 142 F.3d at 193. It is well established that the corporate form must be respected. And Defendants are likely correct that the Agreements do not, by themselves, provide any reason to hold Kissito liable for the default of the Facilities. However, the arbitrator's decision concerned not only the Agreements, but also the Settlement. The Settlement provides:

This e-mail confirms our agreement. Although ProTherapy asserts that [certain documents] are not required to be provided to Kissito and its affiliates ("Kissito"), it will do so under the agreement reached:

(1) For the amounts owed for services rendered through October 31, *Kissito* will pay;
    a. $104,000 on or before November 23, 2009
    b. $104,000 on or before November 30, 2009
    c. One Fourth of the October invoices on or before December 4, 2009
    d. One Fourth of the October invoices on or before December 11, 2009

3

      e.  One Fourth of the October invoices on or before December 18, 2009

      f.  One Fourth of the October invoices on or before December 28, 2009

(emphasis added). It appears from the foregoing that the parties, by agreement, determined that Kissito should be liable for the sums provided.

Because Kissito was not a party to any of the Agreements, the arbitrator was only half correct to conclude that "Kissito is clearly bound by the terms of the Settlement Agreement and the Agreements." Kissito was not bound by the Agreements. *See* 2011 WL 1707190, at *2-3. But since Kissito was clearly bound by the Settlement, and the arbitrator's award drew directly from its provisions, any error in analysis was immaterial, and the award should be confirmed.

## II.

For the foregoing reasons, I will grant Plaintiff's motion, deny Defendants' motion, and confirm the arbitrator's award.

The Clerk of the Court is directed to send a certified copy of this opinion to all counsel of record.

Entered this 27ᵗʰ day of July, 2011.

                                    *Norman K. Moon*

                              NORMAN K. MOON

                              UNITED STATES DISTRICT JUDGE